(66 Misc. Rep. 199.)

### In re BENSEL et al., Board of Water Supply.

(Supreme Court, Special Term, Albany County. December 27, 1909.)

1. EMINENT DOMAIN (§ 180*)—PROCEEDINGS TO TAKE PROPERTY AND ASSESS COMPENSATION—NOTICE—STATUTES.

   Under the statute (Laws 1905, c. 724) relating to condemnation of property in connection with the water supply of New York City, section 42, as amended by Laws 1906, c. 314, § 9, providing that, in the absence of an agreement as to damages to property not taken, they shall be determined as provided for determining the value of real estate, as to which the notice for application for the appointment of commissioners must be published in each issue of certain newspapers for six weeks before the presentation of the petition, and hand bills containing the notice posted up for the same space of time, commissioners cannot be legally appointed in such a proceeding, where the notice for application was not published and posted for six weeks as required.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 489; Dec. Dig. § 180.*]

2. COURTS (§ 37*)—ASSESSMENT OF COMPENSATION—JURISDICTION.

   In a proceeding to appoint commissioners to determine damages to property injured by the taking of property in condemnation proceedings, the question of jurisdiction can be raised at any stage of the proceeding by anybody interested.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–151; Dec. Dig. § 37.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the application of John A. Bensel and others, constituting the Board of Water Supply of the City of New York, for the determination of damages to property not taken by the acquiring of land in Ulster county for the purpose of water supply. Order to show cause and for the appointment of commissioners denied.

Augustus H. Van Buren, for Corporation Counsel of City of New York.

Harrison T. Slosson, for Arthur A. Brown, attorney for certain claimants.

William D. Brinnier, for certain claimants.

William Lustgarten, in opposition, for a claimant.

Augustus Shufeldt, for a claimant.

BETTS, J. On the 23d day of November, 1909, the board of water supply of the city of New York by a petition verified on that day prayed for the appointment of "three sets of commissioners of appraisal to determine the damages, if any, sustained by reason of the decrease in value of any real estate not taken by virtue of the provisions of chapters 723 and 724 of the Laws of 1905, and of any established business on the 1st day of June, 1905, situate in the county of Ulster, directly or indirectly decreased in value, by reason of the acquiring of land by the city of New York for an additional water supply, or by reason of the execution of any plans for such additional water supply by the city of New York under the provisions of chapter 723 and chapter 724 of the Laws of 1905, their heirs, assigns, or personal representatives, where agreement cannot be made with the board of water supply as to the amounts of such damage." Such petition alleged that "neither chapter 724 of the Laws of 1905 nor chapter 314 of the Laws of 1906 prescribe the notice to be given of the application for the appointment of said commissioners," and further prays that such owners of real estate, and of any established business as above herein referred to, "their heirs, assigns, and personal representatives, show cause at a Special Term of this court to be held in and for the Third judicial district, county of Albany, at the city hall in the city of Albany, on the 25th day of December, 1909, * * * why commissioners should not be appointed to determine the damages sustained, if any, by such decrease in value, and that in such order there be prescribed the notice to be given of such application."

This petition was apparently presented to the late Justice Fitts at a Special Term held in the county of Albany, November 27, 1909, by a representative of the New York corporation counsel's office, and an order was then made in accordance with the petition of the board of water supply of the city of New York requiring such owners to show cause on the said 25th day of December why such commissioners should not be appointed; and it appearing to the court that the 25th of December was Christmas, a legal holiday, the order was made returnable on December 27, 1909. The order further provided that:

"Notice of such application be given by publication in the City Record and in two public newspapers published in the city of New York, and in two public newspapers published in the county of Ulster, which notice shall specify the

time and place of such application and briefly state the object thereof. Such notice shall be so published continuously in each issue of such pewspapers for three weeks, immediately previous to the time when such application is to be made. And the corporation counsel shall, in addition to said advertisement, cause copies of the same in handbills to be posted up for the same space of time in at least 100 conspicuous places in the county of Ulster."

The Special Term to be held at Albany on December 27th had been designated to be held by Justice Fitts. During the night of December 16–17, Justice Fitts died. On the 21st a designation of Justice Betts to hold this Special Term was filed in the Albany county clerk's office. By a notice of withdrawal, dated December 23, 1909, two days thereafter, the corporation counsel of New York announced his withdrawal of this motion for the appointment of said commissioners at such time and place, which notice was published at least one or more times in at least two newspapers. The necessity for haste in the matter had apparently disappeared.

Upon the matter coming on to be heard, the corporation counsel's representative appeared and announced the withdrawal of the application, and stated the order of Justice Fitts had not been complied with, and that the publication therein directed had not been had. On behalf of certain claimants for damages, Mr. Brinnier, Mr. Slosson, and Mr. Shufeldt asked that the court appoint the commissioners asked for in the petition of the board of water supply. Upon this hearing Mr. Lustgarten, on behalf of another claimant, objected to the appointment of these commissioners, insisting that the notice contemplated by the original order was not a compliance with the statute, and no commissioners could legally be appointed, even if the order had been complied with.

I am clear that no appointment can be made here. The provisions of Justice Fitts' order have not been shown to have been complied with, nor do I think that the commissioners could have been legally appointed if the order had been complied with. The petition was dated and verified, as we have seen, November 23d. The petition was presented to Justice Fitts November 27th, and it asked to have the order to show cause returnable December 25th, Christmas Day, and the order was made returnable December 27, 1909.

The statute under which condemnation proceedings of real estate have been had in this Ashokan Reservoir district provides, among other things, that publication shall be had of the notice of application for the appointment of commissioners as follows: "Such notice shall be so published continuously in each issue of the newspapers [before referred to] for six weeks immediately previous to the presentation of such petition" (Laws 1905, c. 724, § 8)—and that in addition to such advertisement hand bills containing copies of said notice shall be posted up for the same space of time; i. e., for six weeks prior to time of application. Section 42, as amended by Laws 1906, c. 314, § 9, under which this application in question is made, provides as follows:

"The board of water supply of the city of New York may agree with such person as to the amount of such damages, and if such agreement cannot be made such damages, if any, shall be determined in the manner herein provided for the ascertaining and determining the value of real estate taken under the provisions of this act."

"The manner herein provided for the ascertaining and determining the value of real estate taken under the provisions of this act" is, as to notice, by publication in such designated papers for the term of six weeks and by posting copies of said notice for at least the same term of six weeks, so that the statutory time of publication as prescribed by the statute, and the only time, is the term of six weeks. No reason is disclosed by the petition why a shorter publication should be given than the six weeks required by the statute. No reason was given by the corporation counsel's representative on the argument why a shorter time than the six weeks' notice should be given, and it is not apparent from an examination of the petition and order herein why the full six weeks' time was not given. If it was desirable to have this proceeding returnable at Albany before the judge who granted the order to show cause, he was designated to hold the Special Term there on the fourth Saturday of January, 1910, which would have allowed ample time for compliance with the plain mandates of the statute.

The notice of withdrawal of this application signed by the corporation counsel gives no reason why the application was withdrawn. The representative of the corporation counsel's office gave no reason why the application was withdrawn, but so far as appears the expenses of this application in advertising, and of counsel, is a charge against the city of New York, for which it will receive no resulting benefit, and owners or claimants receive no compensation for trouble in proceeding to this Special Term for the sake of insisting upon their claims or their claimed rights.

The court is not unmindful of the fact that both New York City and the claimants should have an opportunity of determining the matters in controversy suggested by the petition herein—the claimants of proving their claims, if they have any, and the amount, and New York City of ascertaining whether the claims are valid, and of dismissing such as are not, and paying such as are, if any; but these claims should be presented to a proper tribunal, legally appointed. It may be that these persons, representing certain claimants on this hearing, would be estopped from presenting any objections to the jurisdiction of commissioners when appointed in this proceeding; but the question of jurisdiction is one that can be raised at any stage of the proceeding by any party interested, and it is a matter of simple justice, both to the city and claimants, that when claims are presented they should be heard before a proper legal tribunal, and the court cannot appoint any other.

I hold that commissioners cannot be appointed under this order and notice as published, and I further hold that they could not have been legally appointed if the order had been fully complied with. An order may be entered vacating the order to show cause and denying the appointment of commissioners therein asked for.